UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EROLE ETIENNE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>DELIU, LLC d/b/a CRUNCH FITNESS OAKLAND PARK, a foreign limited liability company,<br><br>*Defendant*. | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff, Erole Etienne, brings this Class Action Complaint against Defendant, DeLiu, LLC d/b/a Crunch Fitness Oakland Park, to stop its practice of sending unsolicited text messages to cellular telephones without the recipients' prior express written consent and to obtain redress for all persons injured by its conduct, including injunctive relief. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant owns and operates a Crunch fitness center located in Oakland Park, Florida.

2. To promote its services, Defendant sends text messages to consumers using an autodialer on their cellular telephones without their prior express written consent. Defendant conducted (and continues to conduct) wide-scale telemarketing campaigns that feature the repeated

1

sending of unwanted solicitation text messages to consumers' cellular telephones without consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. The TCPA was enacted to protect consumers from text messages like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all solicitation text-messaging activities to cellular telephones without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Classes under the TCPA, costs, and reasonable attorney's fees.

## PARTIES

4. Plaintiff, Erole Etienne, is a natural person residing in Broward County, Florida.

5. Defendant a Delaware limited liability company with its principal place of business located at 3500 North Andrews Avenue, Oakland Park, FL 33309.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in this District, solicits consumers in this District, sent and continues to send unsolicited text messages to individuals in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because a significant portion of the wrongful conduct giving rise to this case occurred in this District. Venue is additionally proper because Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

8. In recent years, companies such as Defendant have turned to unsolicited telemarketing as a way to increase its customer base.

9. Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

10. Furthermore, as explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11. Yet, in violation of this rule, Defendant fails to obtain any prior express written consent to send solicitation text messages to consumers' cellular telephone numbers.

12. At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing text messages are being sent to consumers' cellular telephones.

13. Defendant knowingly sent (and continues to send) unsolicited telemarketing text messages without the prior express written consent of the recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF**

14. On October 25, 2017 at 2:37 p.m., Defendant, using an automated text-messaging platform, caused the following text message to be transmitted to Plaintiff's cellular telephone number ending in 6444 (the "6444 Number"):

> 873-65
>
> Text Message
> Today 7:47 PM
>
> Happy 3rd Birthday to Crunch Fitness!: Help us celebrate Crunch Oakland Park's 3rd B-Day with a $3 Enrollment Fee. expires 8/30
> reply STOP 2 stop

15. The text message constitutes telemarketing because it promoted Defendant's fitness facility and services.

16. The short-code (873-65) from which the text messages originated is registered to Textmunication, Inc. Textmunication provides automated text marketing services for various industries, including Defendant, as it boasts on its website:[1]



---

[1] https://textmunication.com/; (last accessed on November 22, 2017).

17. Plaintiff received the subject text message within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

18. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted by text using an ATDS.

19. Plaintiff is the subscriber and sole user of the 6444 Number, and is financially responsible for phone service to the 6444 Number.

20. The impersonal and generic nature of the text messages, as well as the use of a short-code, demonstrates that Defendant utilized an ATDS in transmitting the messages. *See Jenkins v. LL Atlanta, LLC*, No. 1:14-cv-2791-WSD, 2016 U.S. Dist. LEXIS 30051, at *11 (N.D. Ga. Mar. 9, 2016)("These assertions, combined with the generic, impersonal nature of the text message advertisements and the use of a short code, support an inference that the text messages were sent using an ATDS.") (citing *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1354 (S.D. Fla. 2014) (plaintiff alleged facts sufficient to infer text messages were sent using ATDS; use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding it "plausible" that defendants used an ATDS where messages were advertisements written in an impersonal manner and sent from short code); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130 (COURT YEAR) (PARANTHETICAL); & *Robbins v. Coca-Cola Co.*, No. 13-CV-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (observing that mass messaging would be impracticable without use of an ATDS)).

21. Specifically, upon information and belief, Defendant utilized a combination of hardware and software systems to send the text messages at issue in this case. The systems utilized

by Defendant have the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

22. Defendant's unsolicited text message caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life. *See Patriotic Veterans, Inc. v. Zoeller*, No. 16-2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

## CLASS ACTION ALLEGATIONS

23. Plaintiff bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seek certification of the following Class:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, from Defendants or anyone on Defendants' behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express consent.**

24. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Plaintiff's attorneys; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) the legal representatives, successors or assigns of any such excluded persons; and (5) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

25. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Classes on their cellular telephones; and

   (c) whether Defendant obtained prior express written consent to contact any class members.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

28. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and

Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
**(Violation of 47 U.S.C. § 227)**

29.     Plaintiff repeats and re-allege the foregoing paragraphs of this Complaint and incorporates them herein by reference.

30.     Defendant sent marketing text messages to cellular telephone numbers belonging to Plaintiff and other members of the Class without first obtaining prior express written consent to receive such autodialed text messages.

31.     Defendant sent the text autodialed text messages using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

32. By sending the unsolicited text messages to Plaintiff and the cellular telephones of members of the Class without their prior express written consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

33. As a result of Defendant's conduct, Plaintiff and the other members of the Text Message No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

34. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Text Message No Consent Class.

## PRAYER FOR RELIEF

35. An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class, and appointing his counsel as Class Counsel;

36. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

37. An order declaring that Defendant's actions, as set out above, violate the TCPA;

38. A declaratory judgment that Defendant's text-messaging equipment constitutes an automatic telephone dialing system under the TCPA;

39. An injunction requiring Defendant to cease all unsolicited autodialed text-messaging activities, and otherwise protecting the interests of the Classes;

40. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive text messages made with such equipment;

41. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until they establish and implement policies and procedures for ensuring the third-party's compliance with the TCPA;

42. An injunction prohibiting Defendant from conducting any future autodialing activities until they have established an internal Do Not Call List as required by the TCPA;

43. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

44. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the Defendant and the communication or transmittal of text messages as alleged herein.

Dated: November 22, 2017

Respectfully Submitted,

| **HIRALDO P.A.** | **SWEENEY LAW P.A.** |
|---|---|
| | Brendan A. Sweeney, Esq. |
| /s/ Manuel S. Hiraldo | Florida Bar No. 014780 |
| Manuel S. Hiraldo, Esq. | 800 S.E. 3rd Ave., Fl 4 |
| Florida Bar No. 030380 | Fort Lauderdale, FL 33316-1152 |
| 401 E. Las Olas Boulevard | Telephone: 954-440-3993 |
| Suite 1400 | *Counsel for Plaintiff* |
| Ft. Lauderdale, Florida 33301 | |
| mhiraldo@hiraldolaw.com | |
| Telephone: 954.400.4713 | |
| *Counsel for Plaintiff* | |